```
 1            IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

 2                           CRIMINAL DIVISION

 3
     STATE OF KANSAS,
 4              Plaintiff,

 5

 6   vs.                                      Case No. 23DV1140

 7                                             Division M3

 8   MICAH LAWRENCE JAMES SMITH,

 9              Defendant.

10         DIGITALLY RECORDED TRANSCRIPT OF PROCEEDINGS

11      THE COURT'S RULING ON DEFENDANT'S MOTION TO DISMISS

12        BE IT REMEMBERED that on the 30th day of
     May, 2024, the above-entitled matter comes
13   on for hearing before the HONORABLE CURTIS SAMPLE,
     Magistrate Judge of Division M3 of the Tenth
14   Judicial District of the State of Kansas, Olathe,
     Kansas.

15

16                          APPEARANCES:

17   For the State of Kansas:

18          Ms. Bianca Finney
            Assistant District Attorney
19          Johnson County Courthouse
            150 West Santa Fe Street
20          Olathe, Kansas 66061

21   For the Defendant:

22          Ms. Laura Smith
            Juris Law & Mediation, LLC
23          430 East Santa Fe Street
            Suite 100
24          Olathe, Kansas 66061

25
```

**DIGITALLY RECORDED**

| | |
|---|---|
| 1 | **TRANSCRIPT OF PROCEEDINGS** |
| 2 | (*The official court reporters of the Tenth* |
| 3 | *Judicial District make every effort to produce* |
| 4 | *accurate transcripts. The quality of the audio* |
| 5 | *recording we receive can and generally will impact the* |
| 6 | *quality of the final transcript. Due to any poor* |
| 7 | *quality of audio recordings, the accuracy and quality* |
| 8 | *of the final transcript may be compromised.*) |
| 9 | * * * * * |
| 10 | THE COURT: 23DV1140, State of Kansas |
| 11 | vs. Micah Lawrence James Smith. Appearances, please |
| 12 | MS. FINNEY: May it please the Court, |
| 13 | Bianca Finney for the State. |
| 14 | MS. SMITH: May it please the Court, |
| 15 | Micah Smith appears in person, with his attorney Laura |
| 16 | Smith. |
| 17 | THE COURT: All right. We were set |
| 18 | today for a ruling on the motions hearing we heard on |
| 19 | May 22nd. I filed an order. Have the parties been |
| 20 | able to review that? |
| 21 | MS. FINNEY: I've skimmed it briefly. |
| 22 | MS. SMITH: Oh. I currently am reading |
| 23 | it over. I apologize, Judge. I was in a pretrial |
| 24 | right before this. |
| 25 | THE COURT: Okay. Well, I'm not going |

1  to read it into the record since it is a part of the
2  record.  It's on file, but, essentially, I'm ordering
3  this case to be dismissed based on a lack of probable
4  cause.  You can go through the order and see the
5  conclusions I reached.
6      Essentially, what I was hung up on is the
7  unauthorized control portion of the criminal
8  deprivation statute.  The fact that Mr. Smith is an
9  owner of the property in question along with
10 Mrs. Smith, they have an equal ownership interest.
11 Neither has an interest that the other doesn't have.
12 Therefore, I can't conclude that a probable cause
13 exists that Mr. Smith exerted unauthorized control
14 over something that he owned.
15     As an owner, a co-owner, an equal owner, he has
16 the right to use that motor vehicle, operate that motor
17 vehicle, sell that motor vehicle by himself if he
18 wants.  He doesn't need permission from anyone as an
19 owner.  There is not a lot of Kansas case law on the
20 issue, unfortunately.
21     So I had to look elsewhere for some other case
22 law to try and analogize, too, but, essentially, I
23 don't think he can exert unauthorized control over
24 property that he owns.  I also made it clear that I
25 don't think it's appropriate for the Court to conduct a

|   |   |
|---|---|
| 1 | motion to dismiss hearing with disputed facts, and I |
| 2 | wasn't going to do that. |
| 3 | I didn't consider the alternative set of facts |
| 4 | proposed by the defense.  That's something for the |
| 5 | finder of fact at trial, but based on the facts known |
| 6 | to the officers at the time, I don't think there was |
| 7 | probable cause to arrest Mr. Smith.  I know there was |
| 8 | some discussion and debate at the time on whether or |
| 9 | not to arrest him, that other officers were involved in |
| 10 | that decision.  I think even the on-call ADA was |
| 11 | involved in that decision. |
| 12 | The State did file an affidavit.  I think the |
| 13 | affidavit by itself probably does sustain probable |
| 14 | cause; however, I think there is a glaring omission |
| 15 | from the affidavit that the reviewing judge might have |
| 16 | liked to have seen.  Based on the ownership of the |
| 17 | vehicle, the affidavit makes it seem as though Mr. |
| 18 | Smith had no ownership interest in the vehicle.  And if |
| 19 | that were the case, it certainly would have established |
| 20 | probable cause. |
| 21 | The State is not required to prove every element |
| 22 | in their affidavit.  It's not a police report.  They |
| 23 | are not required to put every single fact in there. |
| 24 | They are not required to put every mitigating fact for |
| 25 | the defense in the affidavit, but if there is some |

1  material fact as it relates to probable cause that
2  probably should be in the affidavit and it wasn't in
3  this case.
4          So I understand the Court approving the affidavit
5  and finding probable cause based on that affidavit, but
6  based on the facts known to the officers at the time, I
7  don't think there was probable cause.  So I'm ordering
8  the case dismissed with costs assessed to the State.
9          We'll cancel the jury trial.  Obviously, based on
10 that decision, the Court need not rule on any
11 evidentiary matters for the motions in limine of the
12 parties.
13         Ms. Smith, I have your exhibits here you
14 submitted last time.  I'll return those to you.
15         Is there anything else we need to take up on the
16 record here today?
17                 MS. FINNEY:  Not from the State, Judge.
18                 MS. SMITH:  No, Judge.
19                 THE COURT:  All right.  Thank you.
20                 MS. FINNEY:  Thank you.
21                 THE COURT:  Good luck to you, sir.
22                 THE DEFENDANT:  Thank you.
23                     (The proceedings were adjourned.)
24                         * * * * *
25

**DIGITALLY RECORDED**

| | |
|---|---|
| 1 | <u>CERTIFICATE</u> |
| 2 | STATE OF KANSAS) |
| 3 | JOHNSON COUNTY )           ss: |
| 4 | |
| 5 | I, Teresa Catalano-Johnson, a Certified Shorthand |
| 6 | reporter of Kansas, and a regularly appointed, |
| 7 | qualified and acting Official Court Reporter for the |
| 8 | Tenth Judicial District of the State of Kansas, do |
| 9 | hereby state that the proceedings were transcribed to |
| 10 | the best of my ability from the official digital |
| 11 | recorder record of said proceedings as indicated by |
| 12 | the files and records of the Court. |
| 13 | I further state that the foregoing transcript is |
| 14 | a true and correct transcript of said requested |
| 15 | proceedings as understood and transcribed from the |
| 16 | digital recorder. |
| 17 | Signed, officially sealed, and filed with The |
| 18 | Clerk of the District Court of Johnson County, Kansas. |

*/s/ Teresa Catalano-Johnson*
Teresa Catalano-Johnson, RPR, CSR
Official Court Reporter
Kansas Supreme Court #1385

**DIGITALLY RECORDED**