# EXHIBIT 3

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
# CRIMINAL DEPARTMENT

STATE OF KANSAS,
        Plaintiff,

vs

        Case Number: 23DV1140
        Division Number: M3

MICAH LAWRENCE JAMES SMITH,
        Defendant.

## ORDER

This matter comes on for hearing on the Defendant's Motion to Dismiss the sole count in the Complaint of Criminal Deprivation of Property (motor vehicle) for lack of probable cause.

## FINDINGS OF FACT

Micah Smith (Micah) and Julia Smith (Julia) were married at the time of the precipitating events on August 23, 2023. On that date, Gardner Police responded to an unknown disturbance and spoke with Julia. After investigation, police determined that Micah had taken the two vehicles owned by the couple and removed them from the residence. The 2018 Mazda3, which Micah typically drives, was taken by Micah and parked several blocks away from the marital residence. Micah returned on foot to the residence and then took the 2019 Subaru Ascent, typically driven by Julia, and left the residence again. This left Julia at home with no vehicle, and she stated that she had not given Micah permission to take the Subaru. Micah was located by police a short time later and was in possession of both sets of car keys. An investigation on scene disclosed that the Subaru was titled in the name of Julia Brooks Smith OR Micah James Lawrence Smith. After some discussion and debate, Micah was placed under arrest for the offense of Criminal Deprivation of Property.

The Court reviewed the Defendant's Motion to Dismiss, along with the State's response, and heard oral arguments on May 22, 2024. The Court then took the matter under advisement.

## CONCLUSIONS OF LAW

A defendant may file a motion to dismiss as provided under K.S.A. 22–3208. Subsection (4) of K.S.A. 22–3208 provides that "(t)he motion to dismiss shall be made at any time prior to arraignment or within 21 days after the plea is entered. The period for filing such motion may be enlarged by the court when it shall find that the grounds therefor were not know to the defendant and could not with reasonable diligence have been discovered by the defendant within the period specified herein." In this case, counsel for the defendant was not retained until a week after arraignment. Further, the evidence needed to determine a lack of probable cause in this case required the defendant to obtain and review all evidence containing the facts known by officers at the time of arrest, which includes reports and audio / video recordings, and body camera footage. While it is theoretically possible all this discovery could be obtained in a short period of time, it is unlikely that it would all be available in the two weeks after counsel entered their appearance, and even further unlikely that it could all be reviewed, and a motion written and filed. This court will not exclude the defendant's motion as being out of time pursuant to K.S.A. 22-3208(4). In addition, a district court may hold a hearing on such a motion to dismiss under Kansas Supreme Court Rule 133(c)(2)(A) (2012 Kan. Ct. R. Annot. 238), which allows a district court to set a motion for hearing. *State v. Allen*, 49 Kan. App 2d 162, 174-75, 305 P.3d 702 (2013).

In this particular case, the Defendant's Motion seems to request an evidentiary hearing on disputed facts, essentially arguing that there is no probable cause for the present charge based on an alternate set of facts than are agreed to by the State or were known to officers at the time of arrest. The *Allen* case makes clear that it was error for the District Court to hold an evidentiary hearing on an issue of fact raised by a motion to dismiss in a misdemeanor case. *Allen* at 175. This Court declines to hold such evidentiary hearing or to consider the Defendant's set of

alternative facts. Disputed facts are to be determined by the trier of fact at trial, not at a motion to dismiss.

However, courts do frequently consider motions to dismiss based on the lack of probable cause necessary to support a warrantless arrest, a complaint filed by the State, or a supporting affidavit. See *State v. Breazeale,* 238 Kan. 714, 714 P.2d 1356 (1986), (finding omissions from affidavit were not material and trial court did not err in denying defendant's request for evidentiary hearing); *State v. Abu–Isba,* 235 Kan. 851, 685 P.2d 856 (1984) (finding affidavit establishes probable cause); *Wilbanks v. State,* 224 Kan. 66, 579 P.2d 132 (1978) (holding Idaho complaint lacked information sufficient to support finding of probable cause), *State v. Meza,* 268 P.3d 12, (Kan. Ct. App. 2012) (unpublished disposition) (district court correctly dismissed charge for lack of probable cause); *City of Norton v. Wonderly,* 38 Kan.App.2d 797, 172 P.3d 1205 (2007) (officers had no probable cause to arrest defendant); *State v. Zouzas,* 115 P.3d 181 (Kan. Ct. App. 2005) (unpublished disposition) (district court did not err in finding a lack of probable cause to arrest).

While this Court will not conduct an evidentiary hearing to determine which set of controverted facts to adopt, it will construe the Defendant's Motion to Dismiss for lack of probable cause broadly. As such, the Court can conduct an independent review of the facts available at the time of arrest and determine if probable cause existed at that time to arrest Mr. Smith.

K.S.A. 22-2401(c)(2) provides that "a law enforcement officer may arrest a person if the officer has probable cause to believe that the person is committing or has committed a misdemeanor, and that the person will not be apprehended or evidence of the crime will be irretrievably lost unless the person is immediately arrested; or the person may cause injury to self or others or damage to property unless immediately arrested; or the person has intentionally

inflicted bodily harm to another person." Probable cause to arrest is that quantum of evidence that would lead a reasonably prudent police officer to believe that guilt is more than a mere possibility. *City of Dodge City v. Norton*, 262 Kan. 199, 203-04, 936 P.2d 1356 (1997).

The criminal deprivation of property statute states that "Criminal deprivation of property is obtaining or exerting unauthorized control over property, with intent to temporarily deprive the owner of the use thereof, without the owner's consent but not with the intent of permanently depriving the owner of the possession, use or benefit of such owner's property." K.S.A. 21-5803(a). The four basic elements of the criminal deprivation of property statute are: "(a) obtaining or exerting unauthorized control; (b) over property; (c) with the intent to deprive the owner of the temporary use thereof; and (d) without the owner's consent." *State v. Greene*, 5 Kan.App.2d 698, 702 (1981). As used in the Kansas Criminal Code, "owner" means "a person who has any interest in property." K.S.A. 21-5111(s). In the present case, it would appear both Micah and his wife are "owners" of the vehicle as they are both on the title and thus both have interests in the property.

There is a slightly different meaning of "owner" for purposes of Chapter 8 of the Kansas Statutes Annotated, which is the Chapter on Automobiles and Other Vehicles. This definition states that for purposes of registration of vehicles: "'Owner' means a person who holds the legal title of a vehicle, or in the event a vehicle is the subject of an agreement for the conditional sale thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or in the event a vehicle is subject to a lease of 30 days or more with an immediate right of possession vested in the lessee; or in the event a party having a security interest in a vehicle is entitled to possession, then such conditional vendee or lessee or secured party shall be deemed the owner for the

purpose of this act." K.S.A. 8-126(ee). This definition would also make both Micah and Julia "owners."

The key issue here, however, is the phrase "unauthorized control over property." Because Micah is an owner of the vehicle, can his control of the vehicle be "unauthorized?" Kansas, unfortunately, does not have any cases directly on point with this case as it relates to the Criminal Deprivation statute.

"The concept of unauthorized control under [the criminal deprivation of property statute] has no legal or technical meaning distinct from its popular acceptation. 'Unauthorized control' means control exercised over property of another without the consent of the owner." *State v. Greene*, 5 Kan.App.2d 698, Syl. 4, 623 P.2d 933 (1981). The *Greene* court's definition of this phrase of "obtaining or exerting unauthorized control in connection with the criminal deprivation of property statute" is still the active working definition. *See State v. Maxon*, 32 Kan.App.2d 67, 76, 79 P.3d 202 (2003); *See also State v. Ingram*, 469 P.3d 688 at *4 (Kan. Ct. App. 2020) (unpublished disposition).

While Kansas case law has not addressed this issue directly as it relates to the Criminal Deprivation of Property statute, Kansas' theft statute does contain the similar element of unauthorized control over property, a phrase which theft statutes from many states contain. To commit theft, the Defendant must intend to permanently deprive the owner of the possession of the property. *See* K.S.A. 21-5801(a)(1) ("Theft is any of the following acts done with intent to permanently deprive the owner of the possession, use or benefit of the owner's property or services: (1) Obtaining or exerting unauthorized control over property or services."); *See State v. McKissack*, 283 Kan. 721, 728-29, 156 P.3 1249 (2007) (defining criminal deprivation of property "as an intent to deprive the owner of the temporary enjoyment of his or her property but not with the intent of depriving the owner permanently of the possession, use or benefit of such

owner's property" and differentiating this from theft by describing that theft "includes the very words that are excluded in the definition of criminal deprivation: 'with the intent to deprive the owner permanently of the possession, use or benefit of the owner's property.'").

Analogizing the Criminal Deprivation of Property statute to Theft statute allows for a broader search of caselaw on the issue of unauthorized control, as Kansas has no cases directly on point. In *State v. Haack*, 220 Mont. 141, 713 P.2d 1001 (1986), the Defendant had been charged with theft for "obtaining or exerting unauthorized control over property of the owner consisting of funds in a joint checking account." *Id.* at 142. The Defendant had filed a motion to dismiss since he was a joint owner in the checking account and had been authorized to withdraw funds from the account. Since a joint tenancy bank account gives both joint tenants the authority to exert control over the property placed in the account without further consent by any other person, the Defendant argued he could not be convicted of theft as a result from withdrawing funds from the account. He argued that this precluded a finding that he could have exerted "unauthorized control over the property of an owner." The Montana theft statute used the phrase "purposely or knowingly obtains or exerts unauthorized control over the property of the owner" in the same way as the Kansas theft statute uses this phrase. In *Haack*, the Court found that the theft laws could not apply because for theft to occur, the victim would need to have "an interest to which the offender is not entitled" to exert "unauthorized control." *Id.* at 145. Since co-owners in a joint tenancy bank account could not have "unauthorized control" or "interest to which the offender is not entitled", the court found that this precluded the application of the theft laws. *Id.* at 145.

While *Haack* applied laws exclusive to Montana joint tenancy bank accounts, parallels can be drawn to the instant case. As the Defendant cites in his Motion to Dismiss, the Kansas

Department of Revenue's "Frequently Asked Questions – Titling a Vehicle" section does state that:

> "In Kansas, if there is more than one owner showing on the face of the title or as buyers on an assignment, the following number of signatures will be required when there is the connection between the names shown below:
>
> - And – All persons listed before and after the 'and' must sign.
> - And/or – Either person listed can sign, only one signature required.
> - Or – Either person listed can sign. Only one signature is required.
>
> "Due to difficulties with other titling jurisdictions interpretation of 'and/or' differently than that from Kansas, it is suggested that if you want only one person to be allowed to sign all transactions for a vehicle, the word 'or' should be used between names." See Kansas Department of Revenue website, Kansas Department of Revenue Division of Vehicles - Frequently Asked Questions - Titling a Vehicle (ksrevenue.gov).

A title having "or" language – either person can sign – is similar to the *Haack* case regarding the joint owner of a joint tenancy bank account in that both owners are both entitled to any of the money from the account, or in the case of the Smiths' Subaru, to use or even sell the vehicle. This logic dictates that a Defendant cannot exert unauthorized control over property in which he is an owner.

In summary, Officers were aware at the time of arrest that Micah was in possession of the Subaru typically driven by Julia, but that the vehicle was titled Julia OR Micah, thus making Micah an owner of the vehicle. Therefore, Micah cannot have exerted unauthorized control over the Subaru, as he was an owner, and Julia did not possess any other interest in the vehicle to which Micah was not entitled. With no unauthorized control being exerted, there is not probable cause to arrest Micah for Criminal Deprivation of Property. While Micah's actions, under the facts alleged by the State, are at the very least spiteful and childish, they are not criminal.

*Clerk of the District Court, Johnson County Kansas*
*05/30/24 09:56am AM*

**THEREFORE, IT IS ADJUDGED, ORDERED, AND DECREED** that probable cause did not exist to arrest the Defendant for the crime of Criminal Deprivation of Property, and thus the case is dismissed, with costs assessed to the State. Having dismissed the case, the Court need not address the admissibility of various items of evidence in the parties' Motions in Limine.

**IT IS SO ORDERED.**

_____  May 30, 2024
Hon. Curtis M. Sample
Magistrate Judge of the District Court
Division M3