IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICAH LAWRENCE JAMES SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-02376-EFM-RES |
| ) | |
| STEPHEN M. HOWE, ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF GARDNER DEFENDANTS'
PARTIAL MOTION TO DISMISS**

Defendants, the City of Gardner, Kansas, Christopher Tritt, Kevin Curry and Brandon Fox ("Gardner Defendants") submit this memorandum in support of their partial motion to dismiss.

**ARGUMENTS AND AUTHORITIES**

**I.   Standard of Review**

Fed. R. Civ. P. 12(b)(1) allows for dismissal of claims for lack of subject matter jurisdiction. Whether subject matter jurisdiction exists is a question of law. *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1266 (10th Cir. 2002). "A Rule 12(b)(1) motion can challenge the substance of a complaint's jurisdictional allegations in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court. It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)

{O0387224}

**II.     The Court lacks subject matter jurisdiction over Plaintiff's state law claims against the Gardner Defendants**

In Counts V through VIII, Plaintiff purports to assert a variety of claims against the Gardener Defendants under Kansas common law, all of which appear to be tort claims that fall within the scope the Kansas Tort Claims Act ("KTCA"), which renders Kansas municipalities liability for any "negligent or wrongful act or omission" by any municipal employee acting within the course and scope of his or her employment.  K.S.A. 75-6103.

Any party bringing a claim subject to the KTCA must comply with Kansas's notice of claim statute, K.S.A. 12-105b(d).  K.S.A. 12-105b(d) requires any person asserting a tort claim against a municipality or an employee thereof to file a written notice with the clerk or governing body that provides the following:

> "(1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested."

K.S.A. 12-105b(d).

Substantial compliance with K.S.A. 12-105b is a jurisdictional prerequisite to commencing suit. *Christopher v. State ex rel. Kan. Juvenile Justice Auth.*, 36 Kan.App.2d 697, 704 (Kan. Ct. App. 2006); *Dunegan v. City of Council Grove, Kan. Water Dept.*, 77 F.Supp.2d 1192, 1205 (D. Kan. 1999).  Unless a plaintiff has complied with K.S.A. 12-105b, this Court is without subject matter jurisdiction to entertain Plaintiff's tort claims. *Sleeth v. Sedan City Hosp.*, 298 Kan. 853, 871, 317 P.3d 782 (2014) ("[T]he 120–day review period requirement of K.S.A.2012 Supp. 12–105b(d) establishes a statutory condition precedent that must be met before a court has subject matter jurisdiction over a claim against a municipality under the Kansas Tort Claims Act.").

Courts have an independent obligation to determine whether subject matter jurisdiction exists, and may raise the absence of subject matter jurisdiction at any stage in the litigation, including *sua sponte*. *See, e.g., Matter of Adoption of T.M.M.H.*, 307 Kan. 902, 910, 416 P.3d 999 (2018).

K.S.A. 60-209(c) requires parties to "allege generally that all conditions precedent have occurred or have been performed." Courts interpreting the analogous federal rule have concluded that a plaintiff attempting to file a tort claim against a municipality or its employees must plead compliance with K.S.A. 12-105b in the petition or complaint. *See U.S.D. 457, Finney County, Kan. v. Phifer,* 729 F. Supp. 1298, 1306 (D.Kan.1990) (stating that "the requirements of § 12–105b are conditions precedent and thus must be pleaded in compliance with Fed. R. Civ. P. 9(c)."); *Reindl v. City of Leavenworth*, 361 F. Supp. 2d 1294, 1301–02 (D. Kan. 2005) ("Defendants are correct that Plaintiffs are required to plead compliance with K.S.A. § 12–105b in their complaint.").

The City of Gardner was not provided with any notice pursuant to K.S.A. 12-105b(d), nor does Plaintiff's petition plead compliance with the statute. Because substantial compliance with K.S.A. 12-105b(d) is a condition precedent to commencing an action against the Gardner Defendants under Kansas common law, the Court should find that it lacks subject matter jurisdiction over Counts V through VIII and dismiss them.

        Respectfully submitted,

        FISHER, PATTERSON, SAYLER & SMITH, LLP

        /s/Andrew D. Holder
        Andrew D. Holder    KS #25456
        9393 W. 110th St., Suite 300
        Overland Park, Kansas 66210
        (913) 339-6757; Fax: (913) 660-7919
        AHolder@FPSSLaw.com
        **ATTORNEYS FOR GARDNER DEFENDANTS**

{O0387224}

## CERTIFICATE OF SERVICE

      I certify that on September 26, 2024, I electronically filed the foregoing with the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to:

Gerald Lee Cross, Jr.
CROSS LAW FIRM, LLC
8001 Conser St., Ste 280
Overland Park, KS 66204
(816) 454-5297
(913) 904-1650 – Fax
lcross@crosslawfirm.us
**ATTORNEYS FOR PLAINTIFF**

Spencer L. Throssell
CITY OF LENEXA
17101 West 87th St. Pkwy
Lenexa Kansas 66219
(913) 477-7626
(913) 477-7639 – Fax
sthrossell@lenexa.com
**ATTORNEY FOR DEFENDANT**
**CITY OF LENEXA**

                                          /s/Andrew D. Holder
                                          Andrew D. Holder

{O0387224}