# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICAH LAWRENCE JAMES SMITH | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2:24-cv-02376-EFM-RES |
| STEPHEN M. HOWE, et al. | ) |
| Defendants. | ) |

## DEFENDANT ASSISTANT DISTRICT ATTORNEY CHELSEA BESHORE'S ANSWER TO PLAINTIFF'S COMPLAINT

For her Answer to Plaintiff's Complaint, Defendant Assistant District Attorney Chelsea Beshore, in her individual capacity only, ("Defendant Beshore") states and avers as follows:

## PARTIES

1. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3. Answering paragraph 3 of Plaintiff's Complaint, Defendant Beshore admits she was the Assistant District Attorney for Johnson County, Kansas, at the time of the allegations described in Plaintiff's Complaint. The remaining allegations in paragraph 3 constitute a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

1

4. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiff's Complaint and therefore denies the same.

## JURISDICTION

11. The allegations in paragraph 11 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore states that the statute cited speaks for itself but denies that any violation of the cited statute occurred and, in all events, denies any and all violations of law.

12. The allegations in paragraph 12 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies that this Court has supplemental jurisdiction over Plaintiff's state law claims.

## BASES OF LIABILITY

13. The allegations in paragraph 13 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 13, including subparagraphs (a)-(n), of Plaintiff's Complaint.

14. Defendant Beshore denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendant Beshore denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant Beshore denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendant Beshore denies the allegations in paragraph 17 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

18. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of Plaintiff's Complaint and therefore denies the same.

34. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of Plaintiff's Complaint and therefore denies the same.

37. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of Plaintiff's Complaint and therefore denies the same.

39. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of Plaintiff's Complaint and therefore denies the same.

43. The allegations in paragraph 43 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 43 of Plaintiff's Complaint.

44. The allegations in paragraph 44 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. The allegations in paragraph 45 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. The allegations in paragraph 46 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of Plaintiff's Complaint and therefore denies the same.

48. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of Plaintiff's Complaint and therefore denies the same.

49. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of Plaintiff's Complaint and therefore denies the same.

50. Defendant Beshore denies the allegations in paragraph 50 of Plaintiff's Complaint.

51. The allegations in paragraph 51 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 51 of Plaintiff's Complaint.

52. The allegations in paragraph 52 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 52 of Plaintiff's Complaint.

53. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of Plaintiff's Complaint and therefore denies the same.

54. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of Plaintiff's Complaint and therefore denies the same.

55. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of Plaintiff's Complaint and therefore denies the same.

56. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of Plaintiff's Complaint and therefore denies the same.

57. The allegations in paragraph 57 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 57 of Plaintiff's Complaint.

58. The allegations in paragraph 58 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 58 of Plaintiff's Complaint.

59. The allegations in paragraph 59 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 59 of Plaintiff's Complaint.

60. The allegations in paragraph 60 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 60 of Plaintiff's Complaint.

61. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of Plaintiff's Complaint and therefore denies the same.

62. Defendant Beshore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of Plaintiff's Complaint and therefore denies the same.

## COUNT I

63. Defendant Beshore incorporates by reference each preceding paragraph as though fully set forth herein.

64. Defendant Beshore denies the allegations in paragraph 64 of Plaintiff's Complaint.

65. Defendant Beshore denies the allegations in paragraph 65 of Plaintiff's Complaint.

66. Defendant Beshore denies the allegations in paragraph 66 of Plaintiff's Complaint.

67. Defendant Beshore denies the allegations in paragraph 67 of Plaintiff's Complaint.

68. Defendant Beshore denies the allegations in paragraph 68 of Plaintiff's Complaint.

69. Defendant Beshore denies the allegations in paragraph 69 of Plaintiff's Complaint.

70. Defendant Beshore denies the allegations in paragraph 70 of Plaintiff's Complaint.

71. Defendant Beshore denies the allegations in paragraph 71 of Plaintiff's Complaint.

## COUNT II

72. Defendant Beshore incorporates by reference each preceding paragraph as though fully set forth herein.

73. Defendant Beshore denies the allegations in paragraph 73 of Plaintiff's Complaint.

74. Defendant Beshore denies the allegations in paragraph 74 of Plaintiff's Complaint.

75. Defendant Beshore denies the allegations in paragraph 75 of Plaintiff's Complaint.

76. Defendant Beshore denies the allegations in paragraph 76 of Plaintiff's Complaint.

77. Defendant Beshore denies the allegations in paragraph 77 of Plaintiff's Complaint.

78. Defendant Beshore denies the allegations in paragraph 78 of Plaintiff's Complaint.

## COUNT III

79. Defendant Beshore incorporates by reference each preceding paragraph as though fully set forth herein.

80. Defendant Beshore denies the allegations in paragraph 80 of Plaintiff's Complaint.

81. Defendant Beshore denies the allegations in paragraph 81 of Plaintiff's Complaint.

82. Defendant Beshore denies the allegations in paragraph 82 of Plaintiff's Complaint.

83. Defendant Beshore denies the allegations in paragraph 83 of Plaintiff's Complaint.

## COUNT IV

84. Defendant Beshore incorporates by reference each preceding paragraph as though fully set forth herein.

85. Defendant Beshore denies the allegations in paragraph 85 of Plaintiff's Complaint.

86. Defendant Beshore denies the allegations in paragraph 86 of Plaintiff's Complaint.

87. Defendant Beshore denies the allegations in paragraph 87 of Plaintiff's Complaint, including subparagraphs (a)-(g).

88. Defendant Beshore denies the allegations in paragraph 88 of Plaintiff's Complaint.

89. Defendant Beshore denies the allegations in paragraph 89 of Plaintiff's Complaint.

90. Defendant Beshore denies the allegations in paragraph 90 of Plaintiff's Complaint.

## COUNT V

91. Defendant Beshore incorporates by reference each preceding paragraph as though fully set forth herein.

92. Defendant Beshore denies the allegations in paragraph 92 of Plaintiff's Complaint.

93. Defendant Beshore denies the allegations in paragraph 93 of Plaintiff's Complaint.

94. Defendant Beshore denies the allegations in paragraph 94 of Plaintiff's Complaint.

95. Defendant Beshore denies the allegations in paragraph 95 of Plaintiff's Complaint.

96. Defendant Beshore denies the allegations in paragraph 96 of Plaintiff's Complaint.

97. Defendant Beshore denies the allegations in paragraph 97 of Plaintiff's Complaint.

98. Defendant Beshore denies the allegations in paragraph 98 of Plaintiff's Complaint.

99. Defendant Beshore denies the allegations in paragraph 99 of Plaintiff's Complaint.

100. Defendant Beshore denies the allegations in paragraph 100 of Plaintiff's Complaint.

## **COUNT VI**

101. Defendant Beshore incorporates by reference each preceding paragraph as though fully set forth herein.

102. Defendant Beshore denies the allegations in paragraph 102 of Plaintiff's Complaint.

103. Defendant Beshore denies the allegations in paragraph 103 of Plaintiff's Complaint.

## **COUNT VII**

104. Defendant Beshore incorporates by reference each preceding paragraph as though fully set forth herein.

105. Defendant Beshore denies the allegations in paragraph 105 of Plaintiff's Complaint.

106. Defendant Beshore denies the allegations in paragraph 106 of Plaintiff's Complaint.

107. Defendant Beshore denies the allegations in paragraph 107 of Plaintiff's Complaint.

108. Defendant Beshore denies the allegations in paragraph 108 of Plaintiff's Complaint.

109. Defendant Beshore denies the allegations in paragraph 109 of Plaintiff's Complaint.

110. Defendant Beshore denies the allegations in paragraph 110 of Plaintiff's Complaint.

111. Defendant Beshore denies the allegations in paragraph 111 of Plaintiff's Complaint.

## **COUNT VIII**

112. Defendant Beshore incorporates by reference each preceding paragraph as though fully set forth herein.

113. Defendant Beshore denies the allegations in paragraph 113 of Plaintiff's Complaint.

114. Defendant Beshore denies the allegations in paragraph 114 of Plaintiff's Complaint.

115. Defendant Beshore denies the allegations in paragraph 115 of Plaintiff's Complaint.

116. Defendant Beshore denies the allegations in paragraph 116 of Plaintiff's Complaint.

## **COUNT IX**

117. Defendant Beshore incorporates by reference each preceding paragraph as though fully set forth herein.

118. The allegations in paragraph 118 of Plaintiff's Complaint are not directed at Defendant Beshore and therefore require no response. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 118 of Plaintiff's Complaint.

119. The allegations in paragraph 119 of Plaintiff's Complaint are not directed at Defendant Beshore and therefore require no response. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 119 of Plaintiff's Complaint.

120. The allegations in paragraph 120 of Plaintiff's Complaint are not directed at Defendant Beshore and therefore require no response. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 120 of Plaintiff's Complaint.

121. The allegations in paragraph 121 of Plaintiff's Complaint are not directed at Defendant Beshore and therefore require no response. To the extent a response is deemed required, Defendant Beshore denies the allegations in paragraph 121 of Plaintiff's Complaint.

**COUNT X**

122. Defendant Beshore incorporates by reference each preceding paragraph as though fully set forth herein.

123. Defendant Beshore denies the allegations in paragraph 123 of Plaintiff's Complaint.

124. Defendant Beshore denies the allegations in paragraph 124 of Plaintiff's Complaint.

125. Defendant Beshore denies the allegations in paragraph 125 of Plaintiff's Complaint, including the prayer for relief contained in the paragraph beginning with "WHEREFORE," the Request for Relief, including subparagraphs (a)-(d), and in all events denies that Plaintiff is entitled to damages of any kind, whether in law or in equity, and further prays that Plaintiff take nothing.

**AFFIRMATIVE DEFENSES**

1. Defendant Beshore denies each and every allegation of Plaintiff's Complaint unless specifically admitted herein.

2. To the extent Plaintiff asserts any claims against Defendant Beshore in her official capacity, Plaintiff failed to properly serve Defendant Beshore in accordance with the proper service requirements under federal and Kansas law, and service has been quashed pursuant to this Court's Order issued on July 3, 2025. (Doc. 49).

3. Plaintiff has failed to state a claim against Defendant Beshore upon which relief may be granted under Federal Rule 12(b)(6) and/or Federal Rule 12(c).

4. Any claims asserted by Plaintiff against Defendant Beshore for alleged violations of Plaintiff's constitutional rights under 42 U.S.C. 1983, which Defendant Beshore denies, are barred by the doctrine of qualified immunity, pursuant to *Burns v. Reed*, 500 U.S. 478 (1991), in that the conduct alleged did not violate any clearly established constitutional right.

5. To the extent Plaintiff's allegations involve actions taken in connection with the initiation of a criminal prosecution or functions intimately associated with the judicial phase of the criminal process, Defendant is entitled to absolute prosecutorial immunity.

6. Defendants Beshore is entitled to the substantive and procedural protections afforded by the Eleventh Amendment and/or the qualified immunity doctrines, including, without limitation, dismissal and a stay of discovery.

7. Plaintiff has not alleged facts sufficient to establish a violation of a constitutional right or any other provision of federal or state law.

8. Any alleged deprivation of Plaintiff's rights did not occur because probable cause for Plaintiff's arrest or prosecution existed independently of any advice offered by Defendant Beshore.

9. Plaintiff fails to allege that Defendant Beshore's conduct was the proximate cause of any alleged constitutional deprivation. Any decision to arrest or charge Plaintiff was made independently by law enforcement officers or judicial officers.

10. Defendant Beshore did not personally participate in any alleged unconstitutional conduct.

11. Respondeat superior does not apply in Section 1983 causes of action.

12. At all times, Defendant Beshore's conduct was objectively reasonable and undertaken in good faith in the course of her official duties, and/or undertaken pursuant to State law.

13. To the extent Plaintiff alleges he is entitled to punitive damages under 28 U.S.C 1983, Plaintiff's claims are barred in that he has failed to allege that Defendant Beshore's conduct was motivated by evil motive or intent or involved reckless or callous indifference to the federally protected rights of others.

14. Plaintiff failed to mitigate his alleged damages, if any.

15. Plaintiff lacks jurisdiction to bring any state law claims in this Court pursuant 28 U.S.C. 1367.

16. Defendant Beshore is immune from liability under Kansas law for conduct undertaken within the scope of prosecutorial duties, including giving legal advice to law enforcement officers, initiating prosecution, and participating in the criminal justice process.

17. Defendant Beshore is immune from liability for claims pursuant to the Kansas Tort Claim Act, K.S.A. 75-6104.

18. To the extent Plaintiff sufficiently pleads state tort actions for malicious prosecution false arrest, intentional infliction of emotional distress, or any other state law tort claim, Plaintiff fails to plead that Defendant Beshore acted with malice, intent, or outrageous conduct under Kansas law.

19. Plaintiff failed to comply with the notice provisions of the Kansas Tort Claims Act, including timely notice to the appropriate governmental entities.

20. Plaintiff failed to allege that Defendant Beshore owed Plaintiff any legal duty.

21. Defendant Beshore's actions, if any, were not the proximate cause of Plaintiff's alleged injuries or damages under Kansas law.

22. Plaintiff's alleged damages, if any, were caused in whole or in part by Plaintiff's own actions, negligence, or misconduct.

23. Plaintiff's alleged damages, if any, were caused in whole or in part by the actions, negligence, or misconduct of individuals or entities other than Defendant Beshore.

24. The negligence or fault of the parties should be compared by the trier of fact, and any negligence assessed to the Plaintiff by the trier of fact should act to bar any recovery to the Plaintiff, or should reduce any recovery to the Plaintiff, all in accordance with the laws of the State of Kansas.

25. In the alternative, the fault among the parties in this case should be apportioned by the trier of fact and should Defendant Beshore be held liable only for such percentage of fault, if any, as apportioned to it by the trier of fact, all in accordance with the laws of the State of Kansas pursuant to the provisions of K.S.A. section 60-258a. Defendant Beshore specifically avails herself of the right to compare the fault of others pursuant to K.S.A. 60-258a, including but not limited to the fault of Plaintiff, all other defendants, and of any other individuals or entities found to be at fault, whether parties or non-parties, through the fact and discovery process.

26. Any claim for indemnification is premature and not ripe for adjudication, as no final judgment has been entered against Defendant Beshore.

27. Plaintiff's claims may be barred in whole or in part by the doctrines of estoppel, waiver, and/or laches.

28. Defendant Beshore reserves the right to plead any additional affirmative defenses as they become known or available through discovery, and assert any other affirmative defenses

raised by any of the other defendants that are applicable to claims set forth against Defendant Beshore.

## JURY TRIAL DEMAND

Defendant Beshore hereby requests a jury trial on all claims so triable.

Dated: July 17, 2025

>Respectfully submitted,
>
>**MYERS LONGHOFER, LLC**
>
>*/s/ Rachael D. Longhofer*
>Rachael D. Longhofer #25451
>Michael Lydon-Lorson #29715
>7400 W. 130TH Street, Suite 200
>Overland Park, KS 66213
>Phone: (913) 586-6300
>Fax: (913) 586-6304
>rachael@myerslonghofer.com
>michael@myerslonghofer.com
>**ATTORNEYS FOR DEFENDANT CHELSEA BESHORE**

## CERTIFICATE OF SERVICE

I certify that on July 17, 2025, the above and foregoing was electronically filed using the CM/ECF e-filing system, which will notify counsel for all parties in this matter.

>  */s/Rachael D. Longhofer*
> Attorney for Defendant Chelsea Beshore