IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICAH LAWRENCE JAMES SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:24-cv-02376-EFM-RES |
| STEPHEN M. HOWE, ET AL., | ) |
| Defendants. | ) |

## ANSWER OF GARDNER DEFENDANTS

Defendants, the City of Gardner, Kansas, Christopher Tritt, Kevin Curry and Brandon Fox (the "Gardner Defendants"), answer Plaintiff's Complaint as follows:

1. All allegations of the Complaint not expressly admitted herein are denied.

2. The Gardner Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶¶ 1, 2, 3, 4, 5, and 6 and for that reason denies the same.

3. In response to ¶¶ 7, 8, and 9, the Gardner Defendants admit that Defendants Tritt, Curry, and Fox were, at all relevant times, sworn law enforcement officers for the City of Gardner Police Department, acting in the course and scope of their employment and under the color of state all. All other allegations of ¶¶ 7, 8, and 9 are denied.

4. In response to ¶ 10, Defendant admits that the City of Gardner is located in Johnson County Kansas and is the employer of Defendants Tritt, Curry, and Fox. All other allegations of ¶ 10 are denied.

5. Paragraph 11 is admitted.

6. Paragraphs 12, 13 (including each subpart), 14, 15, 16, and 17 are denied.

7. The Gardner Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶ 18 and for that reason denies the same.

8. In response to ¶ 19, the Gardner Defendants admit that on or around August 22, 2023, they were called to the home of Plaintiff and Defendant Smith in Gardner, Kansas. All other allegations of ¶ 19 are denied.

9. In response to ¶ 20, the Gardner Defendants admit that Defendants Tritt, Curry, and Fox each reported to the residence 713 S. Meadowbrook Street on August 23, 2023.

10. In response to ¶ 21, the Gardner Defendants respond that the document incorporated Exhibit 1 is a written documents, and its contents speak for themselves.

11. The Gardner Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶ 22 and for that reason denies the same.

12. In response to ¶ 23, the Gardner Defendants admit that they were informed of allegations of blackmail. The Gardner Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of ¶ 23 and for that reason denies the same.

13. In response to ¶ 24, the Gardner Defendants admit Plaintiff was not charged with blackmail. The remainder of ¶ 24 is denied.

14. The Gardner Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶¶ 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34 and for that reason denies the same.

15. In response to ¶ 35, the Gardner Defendants admit the officers were told by dispatch that Hansen reported she was trapped in her house by Plaintiff and that she and their kids were under control by him. The Gardner Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of ¶ 35 and for that reason deny the same.

16. In response to ¶ 36, the Gardner Defendants admit arriving at the residence, and that during the course of the investigation, Defendant Hansen called Defendant Hansen, who briefly spoke

{O0386599}

to Defendant Curry. The Gardner Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of ¶ 36 and for that reason denies the same.

17. The Gardner Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶ 37 and for that reason denies the same.

18. Paragraph 38 is denied.

19. In response to ¶ 39, the Gardner Defendants admit their report states that the Subaru was typically driven by Defendant Hansen. The Gardner Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of ¶ 30 and for that reason denies the same.

20. The Gardner Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶¶ 40 and 41 and for that reason denies the same.

21. Paragraph 42 is denied.

22. Paragraph 43 is a pure legal conclusion that requires no response from the Gardner Defendants but is nonetheless denied on that basis.

23. The Gardner Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶ 44 and for that reason deny the same.

24. Paragraph 45 is a pure legal conclusion that requires no response from the Gardner Defendants but is nonetheless denied on that basis.

25. The Gardner Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶¶ 46 and 47 and for that reason deny the same.

26. Paragraph 48 is denied.

27. The Gardner Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶ 49 and for that reason deny the same.

28. In response to ¶ 50, the Gardner Defendants admit that Officer Tritt called Defendant Beshore to discuss the situation. The Gardner Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶ 50 and for that reason deny the same.

29. Paragraphs 51 and 52 are denied.

30. The Gardner Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶¶ 53, 54, 55, 56, 57, and 58, which are therefore denied on that basis.

31. Paragraphs 59 and 60 are denied.

32. The Gardner Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶¶ 61 and 62, which are therefore denied on that basis.

## COUNT I: 42 U.S.C. § 1983 Constitutional Claims

33. In response to ¶ 63, the Gardner Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

34. Paragraphs 64, 65, 66, 67, 68, 69, 70, and 71 are denied.

## COUNT II: § 1983 Conspiracy

35. In response to ¶ 72, the Gardner Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

36. Paragraphs 73, 74, 75, 76, 77, and 78 are denied

## COUNT III: § 1983 Suppression of Exculpatory Evidence

37. In response to ¶ 79, the Gardner Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

38. Paragraphs 80, 81, 82, and 83 are denied.

### COUNT IV: § 1983 Monell Liability

39. In response to ¶ 84, the Gardner Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

40. Paragraphs 85, 86, 87 (including each subpart), 88, 89, and 90 are denied.

### COUNTS V, VI, VII AND VIII

41. Pursuant to the Court's order on the parties' motions to dismiss, ECF 49, Counts V, VI, VII, and VIII were each dismissed. Accordingly, no response to those counts or ¶¶ 91-116 is required or provided.

### COUNT IX: § 1983 FAILURE TO INTERVENE

42. In response to ¶ 117, the Gardner Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

43. Paragraphs 118, 119, 120, and 121 are denied.

### COUNT X: INDEMNIFICATION

44. In response to ¶ 122, the Gardner Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

45. Paragraph 123 is a pure legal conclusion that requires no response, but which is denied on this basis nonetheless.

46. In response to ¶ 124, the Gardner Defendants admit that they are a public entity or the employees of a public entity, acting within the course and scope of their employment. The Gardner Defendants expressly deny engaging in any misconduct and lack information sufficient to admit or deny the remainder of ¶ 124 and for that reason deny the same.

47. Paragraph 125 is a pure legal conclusion that requires no response, but which is denied on this basis nonetheless.

48. Plaintiff's Prayer for Relief (including each subpart) is denied.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

49. Plaintiff's Complaint fails to state a claim on which relief could be granted.

50. The Gardner Defendants deny engaging in wrongdoing or unlawful conduct of any kind and deny that Plaintiff is entitled to any legal or equitable relief.

51. Any actions taken by the Gardner Defendants did not constitute a willful violation of the law.

52. Plaintiff fails to state a *Monell* claim against the City of Gardner, Kansas.

53. The individual Gardner police officers are entitled to qualified immunity from all of Plaintiff's claims.

54. The Gardner Defendants reserve the right to assert that Plaintiff has failed to mitigate damages.

55. The Gardner Defendants deny that their conduct caused Plaintiff any damages, and further deny causation, the nature, and the extent of Plaintiff's claimed damages.

56. The Gardner Defendants reserve the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, based on the foregoing, Defendants the City of Gardner, Kansas, Christopher Tritt, Kevin Curry and Brandon Fox respectfully pray to be henceforth dismissed, awarded costs and expenses herein incurred and expended, together with such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

 /s/Andrew D. Holder
Andrew D. Holder              KS #25456
9393 W. 110th St., Suite 300
Overland Park, Kansas 66210
(913) 339-6757; Fax: (913) 660-7919
AHolder@FPSSLaw.com
**ATTORNEYS FOR GARDNER DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on July 17, 2025, I electronically filed the foregoing with the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to:

Gerald Lee Cross, Jr.
CROSS LAW FIRM, LLC
8001 Conser St., Ste 280
Overland Park, KS 66204
(816) 454-5297
(913) 904-1650 – Fax
lcross@crosslawfirm.us
**ATTORNEYS FOR PLAINTIFF**

Rachael D. Longhofer
Michael Lydon-Lorson
MYERS LONGHOFER LLC
7400 w. 130TH Street, Suite 200
Overland Park KS 66213
(913) 586-6300 Office
(913) 586-6304 Fax
rachael@myerslonghofer.com
michael@myerslonghofer.com
**ATTORNEYS FOR DEFENDANT**
**CHELSEA BESHORE**

Julia Brooks Hansen
713 S. Meadowbrook St.
Gardner, KS 66030
Stiljulles32@gmail.com
**PRO SE DEFENDANT**

    /s/Andrew D. Holder
    Andrew D. Holder

{O0386599}