**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MICAH LAWRENCE JAMES SMITH,

*Plaintiff*,

v.

Case No. 24-2376-EFM-RES

STEPHEN M. HOWE, et al.

*Defendants*.

**MEMORANDUM AND ORDER**

Before the Court are Defendants Stephen M. Howe and Chelsea Beshore's Motion to Dismiss for Failure to Substitute Proper Party (Doc. 94) and Defendants the City of Gardner, Kansas; Christoper Tritt; Kevin Curry; and Brandon Fox's Motion to Dismiss (Doc. 95). Plaintiff passed away in November 2025. Defendants contend that the Court should dismiss this case because no timely substitution of a proper party occurred. The Court agrees and therefore grants Defendants' motions.

Plaintiff Micah Lawrence James Smith filed a ten-count Complaint in August 2024, asserting state law claims and constitutional violations under 42 U.S.C. § 1983. Plaintiff passed away on November 19, 2025, and a Suggestion of Death was filed with the Court on December 3, 2025 (Doc. 86). The Suggestion of Death was served on the natural guardian, Julia Brooks Hansen, of Plaintiff's minor children.

On February 24, 2026, Plaintiff's counsel moved for a 90-day extension of time to substitute the proper party and filed a motion to withdraw as counsel (Docs. 90, 91). The Court granted the withdrawal request and denied the requested 90-day extension of time to substitute a proper party (Doc. 92). The Court sua sponte imposed a deadline of March 20, 2026, for a motion to substitute to be filed. In addition, the Court stated that if a motion to substitute was not filed by that date, any Defendant was invited to file a motion to dismiss.

On April 6, 2026, Defendants Howe and Beshore filed a Motion to Dismiss. They assert that no timely substitution of a proper party occurred, and thus the case should be dismissed. On the same day, Defendants the City of Gardner, Curry, Fox, and Tritt also filed a Motion to Dismiss, joining in Howe's and Beshore's arguments.[1]

> Pursuant to Fed. R. Civ. P. 25(a):
>
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Here, the Suggestion of Death was filed on December 3, 2025. In addition, service on a non-party successor was noted in the Suggestion of Death. As noted above, pursuant to Fed. R. Civ. P. 25(a), a motion for substitution must have been filed within 90 days, and thus a motion would have been required by March 3, 2026.[2] No such motion was filed. Although Plaintiff's attorney filed a motion to extend the time for substitution on February 24, 2026 (within the 90-day timeframe), Plaintiff's attorney's representation terminated on Plaintiff's death, and thus the

---

[1] There is one other Defendant in this case, Julia Brooks Hansen. However, the case has been stayed against Hansen due to her bankruptcy proceedings. *See* Docs. 73, 96.

[2] *Kasting v. Am. Fam. Mut. Ins. Co.*, 196 F.R.D. 595, 601 (D. Kan. 2000) (noting that the 90-day timeframe "is measured from the time the suggestion of the death has been served upon the parties to the action and other interested persons, not from the time the deceased party died.") (citation omitted).

motion was improper and denied.[3] The Court, however, sua sponte extended the deadline until March 20, 2026. Again, no motion for substitution was filed. Accordingly, because no motion to substitute was filed within the relevant timeframe, the action must be dismissed.

Defendants also ask the Court to dismiss this case with prejudice. Although Fed. R. Civ. P. 25 does not state whether the dismissal should be with or without prejudice, an involuntary dismissal "operates as an adjudication on the merits."[4] In addition, at least one circuit court of appeals has affirmed a trial court's dismissal with prejudice when a motion to substitute under Rule 25(a) was not timely filed.[5] Accordingly, the Court will dismiss this case with prejudice.

**IT IS THEREFORE ORDERED** that Defendants Stephen M. Howe and Chelsea Beshore's Motion to Dismiss for Failure to Substitute Proper Party (Doc. 94) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants the City of Gardner, Kansas; Christoper Tritt; Kevin Curry; and Brandon Fox's Motion to Dismiss (Doc. 95) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Chelsea Beshore's Motion for Judgment on the Pleadings (Doc.53), Defendant Stephen M. Howe's Motion to Dismiss (Doc. 75), and Defendant Stephen M. Howe's Motion to Dismiss Party (Doc. 84) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

---

[3] *See* Doc. 92; *see also Kasting*, 196 F.R.D. at 598 (noting that an attorney's authority to represent the plaintiff terminated on plaintiff's death and that a "motion to substitute was procedurally deficient [because] . . . once a plaintiff dies, he is no longer a party to the case, and any motions filed on his behalf are tantamount to no motion at all.").

[4] *See* Fed. R. Civ. P. 41(b) (noting that an involuntary dismissal, subject to certain exceptions, has the effect of operating "as an adjudication on the merits").

[5] *Russell v. City of Milwaukee*, 338 F.3d 662, 663 (7th Cir. 2003).

**This case is closed.**

Dated this 5th day of May, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE